Abdullah Ahmed Murshed
**MADHLOOM,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–75560.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 9, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, for Petitioner.

Michael B. Mukasey, Attorney General, Office of the District Counsel, Department of Homeland Security, Samantha P. Jessner, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Abdullah Ahmed Murshed Madhloom, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence, *see INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

■ Substantial evidence supports the agency's determination that Madhloom failed to demonstrate changed circumstances that would excuse his untimely asylum application. *See Fakhry v. Mukasey,* 524 F.3d 1057, 1063 (9th Cir.2008). We therefore deny the petition as to the asylum claim.

■ Substantial evidence also supports the agency's denial of withholding of removal. *See Elias–Zacarias,* 502 U.S. at 481 & n. 1, 112 S.Ct. 812. Madhloom's single detention by the Yemeni authorities, without harm, was not "so overwhelming so as to necessarily constitute persecution." *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). In addition, changed political conditions in Yemen support the agency's conclusion that Madhloom is not likely to face persecution for his alleged ties to Socialism. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002). Finally, the only other evidence of Madhloom's continued per-

secution were vague, unfulfilled threats received by Madhloom's family, which fail to support a finding that Madhloom faces a clear probability of future persecution if returned to Yemen. *See Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000).

■ Thus, substantial evidence supports the denial of CAT relief because Madhloom has failed to show that it is more likely than not that he will be tortured if returned to Yemen. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

